Fletcher, J.
The counsel for the defendant seems to have understood the rule of the court of common pleas as giving him a right to open and close upon admitting merely a primó, *606 facie case on the part of the plaintiff. Upon this construction, the defendant might have the right to open and close, while the burden of proof would be all the time on the plaintiff. As, for instance, in a suit on a promissory note, by merely admitting the signature, the defendant would give the plaintiff a primá facie case. The defendant might then set up a want of consideration in defence, and introduce evidence to overcome the primá facie case of the plaintiff; the plaintiff might then introduce evidence to strengthen his primá facie case, and the weight of evidence would be shifting from time to time, but the burden of proof would lie on the plaintiff all the way through. It would be wholly unreasonable that the defendant, in such case, should have the right to open and close.
The court of common pleas, in this case, construed their rule so as to require the defendant, in order to obtain a right to open and close, to admit, not merely a primá facie case, but a perfect title in the plaintiff, so that the defendant could set up only matter strictly in avoidance, notwithstanding his specification of defence. It is perfectly manifest, upon looking at the written admission, that the defendant made no such admission as the rule required, upon this construction of it, to give him a right to open and close. The defendant, in terms, admits only such facts as it was necessary for the plaintiff to prove, to make out a primá facie case. The court below, therefore, should not have allowed the defendant to open and close, but should have permitted him to put in the evidence offered by him.
The rulings and directions of the court on the other points were correct.

New trial in the court of common pleas.